## I

The state court did not commit constitutional error by excluding the impeachment evidence related to Lisa V. Rather, the court permissibly evaluated the "probative value [and] the potential adverse effects of admitting the defense evidence." *Holmes v. South Carolina*, 547 U.S. 319, 329, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006). This discretionary balancing was neither contrary to, nor an unreasonable application of, clearly established federal law. *Moses v. Payne*, 555 F.3d 742, 758–59 (9th Cir. 2009).

## II

The California Court of Appeal reasonably concluded that the prosecutor's closing argument did not deprive Hale of due process. To rise to the level of a due process violation, a prosecutor's closing argument must be more than "improper"—it must "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 180–81, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (citation omitted). Considered as a whole, and in light of the trial court's repeated admonishments to the jury that the attorneys' arguments did not constitute evidence, the prosecutor's closing argument did not render the entire trial fundamentally unfair. *United States v. Kerr*, 981 F.2d 1050, 1053–54 (9th Cir. 1992).

Further, even if the prosecutor's argument amounted to a due process violation, any error was harmless. Hale confessed to the sexual assault consistent with the allegations of the three victims. Further, this was one of the rare rape cases in which there is physical evidence of prior sexual penetration. Thus, given the strength of the state's case, any improper argument did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted).

## III

Hale briefed two uncertified issues, which we interpret as a request to expand the certificate of appealability ("COA"). However, his arguments on both issues are foreclosed by the California Court of Appeal's interpretation of state law and thus cannot provide a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). We therefore decline to expand the COA to reach the uncertified issues. *See* 28 U.S.C. § 2253(c)(2) (requiring habeas petitioners seeking a COA to make a "substantial showing of the denial of a constitutional right").

**AFFIRMED.**

Steven PECK; et al., Plaintiffs–
Appellants,

v.

Margaret HINCHEY, individually and in her official capacity as a peace officer with the Arizona Attorney General's Office; et al., Defendants–Appellees.

Steven Peck; et al., Plaintiffs–Appellees,

v.

Margaret Hinchey, individually and in her official capacity as a peace officer with the Arizona Attorney General's Office, Defendant–Appellant.

No. 14–15526, No. 14–15717

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2016 San Francisco, California

FILED June 16, 2016

As Amended on Denial of Rehearing July 12, 2016

Steven J. Serbalik, Scottsdale, AZ, Jonathan David Grunberg, L. Lin Wood, Wood, Hernacki & Evans, LLC, Atlanta, GA, for Plaintiffs–Appellants.

Scot Claus, Dickinson Wright/Mariscal Weeks, Phoenix, AZ, for Defendants–Appellees Margaret Hinchey, individually and in her official capacity as a peace officer with the Arizona Attorney General's Office (Case Nos. 14–15526, 14–15717), City of Phoenix, a municipal corporation (Case No. 14–15526).

Michele M. Iafrate, Attorney, Iafrate & Associates, Phoenix, AZ, for Defendants–Appellees Paula Veach, individually and in

her official capacity as a peace officer with the City of Phoenix, City of Phoenix, a municipal corporation (Case No. 14–15526).

Before: BYBEE and N.R. SMITH, Circuit Judges and KORMAN,* Senior District Judge.

MEMORANDUM **

Plaintiff-appellants are Phoenix Police Department ("PPD") officers who were subjected to a criminal investigation. After the charges against them were dismissed, they filed suit against the internal investigator, Paula Veach, and the state investigator, Margaret Hinchey, for various claims under 42 U.S.C. § 1983 and Arizona state law relating to fabrication of evidence and malicious prosecution. The district court granted Hinchey's motion to dismiss, and granted Veach's motion for summary judgment. On appeal, the plaintiffs argue that the district court erred in: (1) finding that Hinchey was entitled to absolute immunity with respect to four of plaintiffs' claims; (2) dismissing the complaint against Hinchey without leave to amend; and (3) granting summary judgment in favor of Veach.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

1. We review the decision on the motion to dismiss de novo. *See Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006). Under *Rehberg v. Paulk*, —— U.S. ——, 132 S.Ct. 1497, 1505–07, 182 L.Ed.2d 593 (2012), grand jury witnesses have absolute immunity both for their testimony and for "preparatory activity, such as a preliminary discussion in which the witness re-lates the substance of his intended testimony." *Id.* at 1507. After acknowledging that *Rehberg* does not extend to non-testimonial, out-of-court fabrication of evidence, the district court concluded that Counts I, II, III, and VI were "inextricably tied" to Hinchey's grand jury testimony and thus barred by absolute immunity. We affirm the district court's decision with respect to Count VI, but reverse on Counts I, II, and III. As the district court based its dismissal of these claims on immunity grounds, we decline to address in the first instance Hinchey's alternative bases for dismissal of Counts I, II, and III, and leave these to the district court to consider on remand.

■ The district court determined that Counts I, II, and III are "inextricably tied" to Hinchey's grand jury testimony, because Hinchey was part of a "conspirac[y] to testify falsely." *See Lisker v. City of L.A.*, 780 F.3d 1237, 1241 (9th Cir. 2015). We disagree. Construing the complaint in the light most favorable to the plaintiffs, Counts I, II, and III are not based on allegations that Hinchey conspired to testify falsely, but rather on Hinchey's alleged non-testimonial, out-of-court fabrication of evidence to support criminal charges. This alleged conduct is not protected by absolute immunity. *See Lisker*, 780 F.3d at 1242 (denying absolute immunity and finding that police investigative notes and reports were not "inextricably tied" to testimony and "[fell] outside the protection of absolute immunity" because "police investigative materials have evidentiary value wholly apart from assisting trial testimony").

* The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Hinchey also filed a cross-appeal, Case Number 14–15717, which Hinchey indicated in her brief she intended to withdraw. We therefore dismiss this appeal.